**Quentin La GRANDE, Plaintiff,**

v.

**ADECCO, Defendant.**

**No. 1:03 CV 1453 GLS/RFT.**

United States District Court,
N.D. New York.

Jan. 26, 2006.

Quentin La Grande, Albany, NY, for Pro se.

McNamee, Lochner Law Firm (David J. Wukitsch, Esq., of Counsel), Albany, NY, for Defendant.

### Decision and Order

SHARPE, District Judge.

### I. Background

Plaintiff Quentin La Grande objects to the order of Magistrate Judge Randolph F. Treece compelling discovery and imposing a $325 sanction for deposition abuse. *See Dkt. Nos. 33, Treece Memorandum Decision and Order ("Treece MDO"), 34 (La Grande Objections).* Having reviewed Judge Treece's MDO, La Grande's objections, and defendant Adecco's response (*see Dkt. Nos. 40–41*), Judge Treece's order is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72(a); L.R. 72.1(b). Ac-

cordingly, La Grande's objections are denied, and Judge Treece's order is adopted in its entirety.

### II. Facts

Since there is no dispute about the *relevant* facts, the court presumes familiarity with, and adopts, Judge Treece's recitation, and supplements them as necessary.[1] *See MDO* at unnumbered 1–3.

La Grande's underlying action alleges employment discrimination by his former employer, Adecco. He is no stranger to federal litigation nor to the federal and local rules that govern his conduct. Naming different employers, he has filed six employment discrimination actions: two in 2000, *see* 1:00–CV–1195 and 5:00–CV–1300; two more in 2003, *see* 1:03–CV–1276 and 1:03–CV–1453 (this action, "Adecco Dkt."); and two in 2004, *see* 1:04–CV–373 and 1:04–CV–1020. He has been supplied free information concerning his obligations under the federal and local rules, including his obligations regarding initial disclosures and depositions. *See e.g.* Adecco Dkt., Dec. 5, 2003 Min. Entry (*Pro Se Handbook issued and explained*); *see also Pro Se Handbook,* <http://www.nynd.us courts.gov>. His initial disclosure obligations have been the subject of prior court orders. *See e.g.* 1:00–cv–1195, Dkt. No. 21. And, prior complaints have been dismissed because he failed to comply with court orders. *See e.g.* 1:03–cv–1276, Dkt. No. 4.

Furthermore, La Grande's objections are, at least in part, untimely, non-specific and frivolous. For example: his objections were filed more than thirty days late under the federal and local rules; he objected to sanctions that Magistrate Judge Treece did not impose (dismissal); and he

---

1. "Relevant" is emphasized because La Grande's objections recite a litany of facts that have no bearing on the issue under consideration. Furthermore, the litany is more "conclusory" than factual. *See* La Grande Objections. Also, the Clerk is directed to append Judge Treece's MDO to this opinion, and it is specifically incorporated herein.

98

failed to address his failure to attend the court-ordered deposition, and the specific subject of the $325 sanction. *See La Grande Objections.*

### III. *Analysis*

All issues in this case are governed by this court's recent decisions in *Almonte v. New York State Division of Parole*, 9:04–CV–484, 2006 WL 149049, at *1 (N.D.N.Y. Jan. 18, 2006) and *Carmona v. Wright*, 9:02–CV–884, 2006 WL 172340, at *1 (N.D.N.Y. Jan. 25, 2006). Thus: Magistrate Judge Treece had absolute authority to impose sanctions in connection with a nondispositive matter referred to him, *see Carmona*, 2006 WL 172340, at *1, 4–5; he had broad discretion to impose a monetary sanction for deposition abuse, especially since he warned La Grande of the consequences, *id.* at *4, and since La Grande was well aware of his obligations in any event; and given the reasons and circumstances articulated by Judge Treece, his exercise of discretion was neither clearly erroneous nor contrary to law, *id.* at *5–6.

Furthermore, La Grande has procedurally defaulted because his objections are non-specific and frivolous.[2] *See Almonte*, 2006 WL 149049, at *2–6. Although *Almonte* specifically considered procedural default in the context of a magistrate judge's dispositive report and recommendation, it applies equally to the court's review of a nondispositive order given the virtually identical procedures applicable to both. *Compare* 28 U.S.C. §§ 636(b)(1)(C) *and* (b)(1)(A); FED. R. CIV. P. 72(b) *and* 72(a); L.R. 72.1(c) *and* 72.1(b).

### IV. *Conclusion*

Based upon the foregoing, it is hereby

**ORDERED** that La Grande's objections (Dkt. No. 34) are **DENIED**, and the Order

---

2. While procedural default also applies to untimely submissions, the court exercised its discretion to permit late filing. *See La*

of Magistrate Judge Randolph F. Treece (Dkt. No. 33) is **ADOPTED IN ITS ENTIRETY** for the reasons stated therein and herein; and it is further

**ORDERED** that the Clerk of Court serve a copy of this Decision and Order on the parties.

**SO ORDERED.**

*Grande Dkt. No. 36; see also Almonte*, 2006 WL 149049, at *3–5.